IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: ) | MAG. NO. 03-0281 LEK |
| ) | |
| ) | SEARCH WARRANT |
| 725 KAPIOLANI BLVD., APT 1802 ) | |
| HONOLULU, HAWAII. ) | |
| ) | |
| _____ ) | |

## SEARCH WARRANT

TO: ANY DULY AUTHORIZED FEDERAL AGENTS and any authorized officer of the United States.

Affidavit having been made before me by Lori B. Janosko, Special Agent, Food and Drug Administration, Office of Criminal Investigations, who has reason to believe that on the property or premises known as:

Apartment is located on the eighteenth floor of the Imperial Plaza. The apartment has two bedrooms, two bathrooms, a living room and a kitchen. The front door to the apartment is off white in color and is affixed with the numerals 1802.

In the District of Hawaii, there is now concealed certain properties or persons, namely

SEE ATTACHED LIST

I am satisfied that the affidavit establishes probable cause to believe that the properties so described are now concealed on the premises above-described and grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before April 26, 2003, the properties or persons named above for the properties or persons specified, serving this warrant and making the search in the daytime (6:00 a.m. to 10:00 p.m.) and if the properties or persons be found there to seize the same, leaving a copy of this warrant and receipt for the

property or person taken, and prepare a written inventory of the property or person seized and promptly return this warrant to any Judicial Officer of this Court as required by law.

THIS WARRANT IS ISSUED AT HONOLULU, HAWAII, AT 2:20 P.M. ON APRIL 16, 2003.

_____
LESLIE E. KOBAYASHI
United States Magistrate Judge


In the Matter of the Search of 725 KAPIOLANI BLVD., APT. 1802, HONOLULU, HAWAII; Mag. No. 03-0281 LEK; Search Warrant

## LIST OF ITEMS TO BE SEARCHED AND SEIZED PURSUANT TO SEARCH WARRANT

The following items constitute evidence of the subject offenses in that they relate to and will establish the depth of the criminal activity, document the dispensing of misbranded and violative prescription drugs and/or controlled substances and identify potential customers and/or physicians working with SEON IL KIM and KENKOGEN:

s.  Prescriptions foreign and/or domestic;

t.  Patient sales records for individuals ordering the pharmaceuticals;

u.  Patient records and/or the lack thereof;

v.  Correspondence between SEON IL KIM, his employees, and principals and pharmaceutical companies engaged in the sale of pharmaceutical and/or controlled drugs;

w.  Employee personnel files and records, non-disclosure contracts; and

x.  Computerized equivalents of the above records;

The following categories of records are evidence in that they will establish the current locations of funds received and spent by this business, officers, and employees as a result of the sale of misbranded drugs and/or controlled substances;

y.  Bank records, to include all savings and checking accounts, canceled checks, deposit tickets and items, all documentation submitted to financial institutions related to any financial transaction related to SEON IL KIM, his employees, and principals and computerized equivalents of the above records.

The following categories of items are evidence of or will likely contain evidence of the conspiracies to misbrand drugs, entry of goods by means of false statements, smuggling, and distribution of counterfeit goods:

z.  All telephone records;

aa. Appointment logs and calendars;

bb. All rolodexes;

cc. Any pharmaceutical, controlled or non-controlled and any substance deemed to be sold via the Internet that could be violative in nature;

dd. All computers and computerized equivalents that are being utilized within the business;

ee. All shipping records including United States Postal and all other common courier, including Federal Express and foreign postal services;

("DOCUMENT" as that term is used herein, means records, notes, letters, correspondence, claims forms, financial records, checks, ledgers, accounting papers, computer printouts, saved e-mail, information on computer hard drive and disk, computer input and output reports, and writings, and any other item of any type that conveys information.)

l. Any and all documents and materials relating to the purchase, sale, shipment, handling, distribution, use, or manufacturing of pharmaceutical drugs and/or controlled substances, including, but not limited to, bills, invoices, bills of lading, purchase orders, letters, notes, order forms and shipping documents;

ff. Any and all property, including, but not limited to, checks, cancelled checks, check registers, ledgers, bank statements, account statements, deposit items, credit card processing equipment, and any other financial papers which relate to the purchase, sale, shipment, distribution, handling, advertisement, use, or manufacturing of pharmaceutical drugs;

gg. Any and all telephone records, address books, telephone messages, telephone recordings, records of electronic facsimile or "faxed" transmissions, or other records showing communications with others which relate to the purchase, sale, shipment, distribution, handling, use, manufacturing, or advertisement, of pharmaceutical drugs and/or controlled substances;

In addition, my training and experience has shown me that individuals and/or businesses typically use computers to facilitate record keeping and to record business transactions. Therefore, I believe that SEON IL KIM might have used computers to facilitate illegal activities related to the interstate sale and distribution of pharmaceutical drugs and/or controlled substances. Accordingly, I request that the following be subject to this search and seized as evidence:

hh. Any and all information and/or data stored in the form of magnetic or electronic coding on computer media or on media capable of being read by a computer or with the aid of computer related equipment. This media includes network servers, back-up tapes and diskettes, hard drives, floppy diskettes, fixed hard disks, removable hard disk cartridges, tapes, laser disks, video cassettes and other media which is capable of storing magnetic coding;

ii. Any and all electronic devices which are capable of analyzing, creating, displaying, converting, or transmitting electronic or magnetic computer impulses or data. These devices include computers, computer components, computer peripherals, work processing equipment, modems, monitors, printer, plotters, encryption circuit boards, optical scanners, external hard drives, and other computer related electronic devices;

jj. Any and all instructions or programs stored in the form of electronic or magnetic media, which are capable of being interpreted by a computer or related components. The items to be seized could include operating systems, application software, utility programs, compilers, interpreters, and other programs or software used to communicate with computer hardware or peripherals either directly or indirectly via telephone lines, radio, or other means of transmission;

The search procedure of the electronic data contained in computers or operating software or memory devices, whether performed on site or in a laboratory, or other controlled environment, may include the following techniques:

* surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);
* "opening" or cursorily "scanning" the first few "pages" of such files in order to determine their precise contents;
* "scanning" storage areas to discover and possibly recover recently deleted data;
* "scanning" storage areas for deliberately hidden files; or
  performing key word searches through all electronic storage areas that are intimately related to the subject mater of this investigation.

This warrant and this search procedure specifically excludes a search of any kind of unopened electronic mail. No search of unopened electronic mail shall be conducted without a separate search warrant supported by probable cause. Appropriate efforts shall be made to minimize the disclosure of records and other information, which are not subject of this warrant.

Within 30 days of the seizure of any computer hardware, I will contact SEON IL KIM and his representative to return such hardware or will provide an update to the Court as to the status of the return of such hardware or of the necessity to retain such hardware as evidence. Appropriate efforts will be made to conduct this search procedure on site, if possible.